UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
STEPHEN SOCCI,

                        Plaintiff,                         **MEMORANDUM AND ORDER**
                                                           2:17-cv-5469 (DRH)(AYS)

        - against -

JPMORGAN CHASE & CO.,

                        Defendant.
--------------------------------------------------------X

**APPEARANCES**

**LAW OFFICES OF THOMAS F. LIOTTI**
Attorney for Plaintiff
600 Old Country Road, Suite 530
Garden City, NY 11530
By:     Thomas F. Liotti, Esq.

**STAGG, TERENZI, CONFUSIONE & WABNIK, LLP**
Attorneys for Defendant
401 Franklin Ave., Suite 300
Garden City, NY 11530
By:     Brian A. Lacoff, Esq.
        Michelle E. Tarson, Esq.
        Thomas E. Stagg, Esq.

**HURLEY, Senior District Judge:**

## INTRODUCTION

Plaintiff Stephen Socci ("Plaintiff") brought this action against Defendant JPMorgan

Chase Bank, N.A., improperly named JP Morgan Chase & Co. ("Defendant"), in state court to

recover compensatory and punitive damages for Defendant's alleged breach of contract, breach

of fiduciary duties, and negligence in allowing the wrongful withdrawal of approximately

$350,000.00 from Plaintiff's account.  Defendant removed this action to Federal Court, and then

brought the instant motion to dismiss pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6) for failure to

state a claim, and Rule 12(b)(7) for failure to join required parties. For the reasons discussed below, the motion to dismiss is granted in part and denied in part.

## BACKGROUND

The following relevant facts come from the Verified Complaint ("Complaint") and are assumed true for purposes of this motion.

Plaintiff was an inmate in a New York State correctional facility from approximately 2007 to January 2017. (Compl. [DE 7-1] ¶ 3.) During this time, Plaintiff maintained several bank accounts with Defendant. (*Id.* ¶ 4.) In 2015 and 2016, other inmates and their accomplices withdrew and stole over $350,000.00 from Plaintiff's accounts without his authority or consent. (*Id.* ¶¶ 6–7.) The inmates and their accomplices used forged documents with copies of Plaintiff's signature to steal money from his account. (*Id.* ¶ 8.) Plaintiff does not provide any further details on how the money was stolen from the account. While Defendant does include this information in its Memorandum in Support, it is not properly considered on a motion to dismiss, and it is unnecessary for purposes of deciding the instant motion. Plaintiff has demanded that Defendant returns the money, but Defendant has not responded to his request. (*Id.* ¶ 13.)

This action was originally brought in New York state court on August 23, 2017, by filing a Summons with Notice. Defendant removed this action to Federal Court on September 19, 2017. On October 12, 2017, Plaintiff filed the Verified Complaint in Federal Court. Defendant brought the instant motion to dismiss on February 28, 2018.

## DISCUSSION

I.    *The Parties' Arguments*

In the original complaint filed in New York state court, Plaintiff states that he brought this action for breach of contract, breach of fiduciary duties, and negligence. (Summons with

Notice Ex. A to Notice of Removal [DE 1-1] at 1.)  In the Complaint, Plaintiff claims that "in opening and maintain an account for the Plaintiff, the Defendant owed him a fiduciary duty pursuant to its contract with him to properly maintain and administer that account in order to insure than any monies taken or withdrawn from the account were removed or paid with the plaintiff's consent and approval."  (Compl. ¶ 9.)  Plaintiff insists that Defendant "knew or should have known that the Plaintiff was a prisoner in the New York state prison system[,] susceptible to thefts and forgeries by fellow inmates and even correctional officers or other prison officials." (*Id.* ¶ 10.)

In Defendant's motion papers, Defendant argues that it had no independent or heightened duty to protect Plaintiff's bank account because he was incarcerated beyond the standard contractual duty.  (Mem. in Supp. at 1.)  Defendant avers that the tort claims asserting negligence and breach of a fiduciary duty must be dismissed.  (*Id.* at 5.)  Defendant does not put forth any specific challenges to Plaintiff's breach of contract claim, but asserts that Plaintiff's failure to join or name the parties who allegedly stole from his account means that the action should be dismissed in its entirety.  (*Id.* at 2.)

Plaintiff filed an extremely brief Memorandum in Opposition that simply summarizes a handful of cases.  (*See* Mem. in Opp. [DE 18].)  The only argument the Court can deduce from Plaintiff's opposition to Defendant's motion is that because he did not receive notices of the withdrawal from Defendant, he was not negligent.  (*Id.* at 2.)

II.    *Motion to Dismiss Pursuant to Rule 12(b)(6)*

    a.   Legal Standard

In deciding a motion to dismiss under Rule 12(b)(6), a court should "draw all reasonable inferences in Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and

determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). The plausibility standard is guided by two principles. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *accord Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009).

First, the principle that a court must accept all allegations as true is inapplicable to legal conclusions. Thus, "threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 555.

Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. *Iqbal,* 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that defendant acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line' between possibility and plausibility of 'entitlement to relief.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted); *see In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007). Determining whether a complaint plausibly states a claim for relief is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *accord Harris*, 572 F.3d at 72.

b.  The Motion to Dismiss Pursuant to Rule 12(b)(6) is Granted as to Plaintiff's Tort Claims

Plaintiff asserts claims against Defendant for breach of fiduciary duty, negligence, and breach of contract.  Defendant only puts forth arguments to dismiss the first two, which the Court will analyze separately.

1.  Breach of Fiduciary Duty

A claim for breach of fiduciary duty in New York requires a "breach by a fiduciary of a duty owed to plaintiff; defendant's knowing participation in the breach; and damages."  *SCS Commc'ns, Ic. V. Herrick Co.*, 360 F.3d 329, 342 (2d Cir. 2004)) (internal quotation marks omitted).  The "usual" bank-depositor relationship "standing alone creates no fiduciary relationship between the parties."  *Tevdorachvili v. Chase Manhattan Bank*, 103 F. Supp. 2d 632, 640 (E.D.N.Y. 2000)) (internal quotation marks omitted).  Accordingly, a depositor bringing a cause of action against his or her bank may generally only do so under principles of contract law. *See id.* (finding that the plaintiff "failed to allege anything more than a relationship of depositor to bank—precisely the contractual sort of relationship that, by itself, supports no further allegation of fiduciary breach") (citing *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Chemical Bank,* 57 N.Y.2d 439, 444, 456 N.Y.S.2d 742, 442 N.E.2d 1253 (1982) (holding that "the underlying relationship between a bank and its depositor is the contractual one of debtor and creditor")); *see also Sundail Constr. Co. v. Liberty Bank of Buffalo,* 277 N.Y. 137, 141, 13 N.E.2d 745 (1938) ("The relationship existing between a bank and its depositor is that of debtor and creditor, and the bank holds the fund, subject to be paid out upon the direction of the creditor according to the terms and conditions imposed by him."); *Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank,* 731 F.2d 112, 122 (2d Cir.1984) (holding that under New York law the "usual

relationship" of bank and depositor is based on contractual principles, and involves no fiduciary duty from bank to depositor).

Here, Plaintiff claims that Defendant breached a fiduciary duty to him because he was incarcerated, however he has failed to provide the Court with any authority demonstrating that a depositor's incarceration creates a heightened duty for a bank beyond the standard contractual relationship. The Court has no reason to believe that Plaintiff's incarceration should or would change the nature of Plaintiff's relationship with Defendant. Notably, Plaintiff does not even allege that he alerted Defendant to the fact that he was incarcerated, though the Court does not suggest that this would have changed the nature of the relationship either. As such, the Court finds that Plaintiff's relationship to Defendant was nothing more than "a relationship of depositor to bank—precisely the contractual sort of relationship that, by itself, supports no further allegation of fiduciary breach." *Tevdorachvili*, 103 F. Supp. 2d at 640. Therefore, the tort claims for breach of fiduciary duty must be dismissed.

### 2. Negligence

Under New York law, "a depositor may not sue his bank in negligence based solely on the contractual relationship between bank and depository." *Tevdorachvili*, 103 F. Supp. 2d at 643 (citing *Calisch Assocs. Inv. v. Manufacturers Hanover Trust Co.*, 151 A.D.2d 446, (N.Y. App. Div. 1989) ("A cause of action for negligence cannot be based on a breach of a contractual duty")); *see also Wells Bank of N.Y. Co.*, 181 Misc. 2d 574, 579 (N.Y. Sup. Ct. 1999) ("[A] cause of action for negligence cannot be based on a breach of a contractual duty between [the defendant bank] and [the plaintiff depositors]"); *Mraz v. JPMorgan Chase Bank, N.A.*, 2018 WL 207 5427, at *5 (E.D.N.Y. May 3, 2018) (quoting the same). "A tort action may accompany one for breach of contract only where the contract creates a relation out of which springs a duty,

independent of the contract obligation, and that independent duty is breached." *Bouquet Brands Div. of J & D Food Sales, Inc. v. Citibank, N.A.*, 97 A.D.2d 936, 937 (N.Y. App. Div. 1983).

As discussed above, Plaintiff has not asserted any relationship with Defendant, or duty therefrom, beyond a standard banker-depositor contract. Therefore, Plaintiff may not assert a negligence claim against Defendant, and such claim is dismissed.

III.    *Motion to Dismiss Pursuant to Rule 12(b)(7)*

a.   Legal Standard

Rule 12(b)(7) requires than an action must be dismissed if plaintiff has failed to join a party under Rule 19. Fed. R. Civ. P. 12(b)(7).[1] Rule 19 establishes a two-part test to determine whether an action must be dismissed. *Fed. Ins. Co. v. SafeNet, Inc.*, 758 F. Supp. 2d 251, 257 (E.D.N.Y. 2010) (citing *Viacom Int'l Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000)). First, the court must determine whether the absent party must be joined to the suit under Rule 19(a). *Id.* Second, if the absent party is required under Rule 19(a) and cannot be joined for jurisdictional or other reasons, the court must evaluate whether the party is, "in the traditional terminology," indispensable under Rule 19(b). *Am. Trucking Ass'n, Inc. v. New York State Thruway Auth.*, 795 F.3d 351, 357 (2d Cir. 2015). If the absent party is indispensable, then the action must be dismissed. *Id.*

> Under Rule 19(a)(1), an absent party is "required" if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's

---

[1] Although Defendant moves pursuant to Rule 12(b)(7), which is controlled by Rule 19, Defendant only cites New York procedural law regarding joinder. Here, "federal law governs in procedural matters." *Donohue v. Board of Elections of State of N.Y.*, 435 F. Supp. 957, 965 (E.D.N.Y. 1976) (finding that Rule 19, not New York law, controlled on a question of failure to join a party); *see also BNP Paribas v. Bank of New York Trust Co., N.A.*, 2012 WL 13059498, at *1 (S.D.N.Y. March 28, 2012) (analyzing joinder in a case with the exact same claims—"breach of contract, breach of fiduciary duty, and negligence"—under Rule 19). As this is a procedural matter, the Court considers the Federal requirements for joinder.

absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). If a party is required under Rule 19(a) and joinder is infeasible, the court must consult Rule 19(b) and "consider whether, in equity and good conscience, the party is one without whom the action between the remaining parties cannot proceed[.]" *Am. Trucking*, 795 F.3d at 357 (quoting *Marvel Characters Inc. v. Kirby*, 726 F.3d 119, 132 (2d Cir. 2013)) (internal quotation marks omitted). The Second Circuit has noted that "[f]ederal courts are extremely reluctant to grant motions to dismiss based on nonjoinder and, in general, dismissal will be ordered only when the defect cannot be cured and serious prejudice or inefficiency will result." *Am. Trucking*, 795 F.3d at 357 (quoting 7 Charles Alan Wright & Arthur R. Miller, Fed. Practice & Procedure § 1609 (3d ed. 2015)).

b. The Motion to Dismiss Pursuant to Rule 12(b)(7) is Denied

Defendant's only arguments for why this action should be dismissed pursuant to Rule 12(b)(7) are: (1) that the alleged wrongdoers are required parties because "their actions and authority to act on Plaintiff's behalf relates [to] Plaintiff's claims[;]" and (2) that "there is a potential for duplicative awards[.]" (Mem. in Supp. at 8.)

Here, the alleged wrongdoers are not claiming an interest relating to the subject of the action under Rule 19(a)(1)(B), thus, the only question is whether this Court can accord complete relief among the existing parties under Rule 19(a)(1)(A). "[C]omplete relief refers only to relief as between the persons already parties, and not as between a party and the absent person whose joinder is sought." *Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 209 (2d Cir. 1985); *see also Fed. Ins. Co.*, 758 F. Supp. 2d at 257 (citing the same). Even if Plaintiff were to prevail here, the fact that there may be further litigation between Defendant and the

alleged wrongdoers to recover the stolen funds does not mean the Court cannot accord complete

relief between the parties in this action. *See Mastercard Intern. Inc. v. Visa Intern. Service

Ass'n, Inc.*, 471 F.3d 377, 385 (2d Cir. 2006) ("While there is no question that further litigation

between [defendant] and the [absent party] . . . is inevitable if Mastercard prevails in this lawsuit,

Rule 19(a)(1) is concerned only with those who are already parties.") As Plaintiff is the only one

to whom the claim of these stolen funds belongs, there is no risk that another party could seek to

recover the same money from Defendant. *See Newbro v. Freed*, 409 F. Supp. 2d 386, 394

(S.D.N.Y. 2006) (finding that because the claims against defendants for unauthorized transfers

"belong[ed] solely to plaintiff," and the absent parties could not assert a claim for return of those

funds against defendants, there was no need to join the absent parties to the litigation).

Therefore, the Court finds that the alleged wrongdoers are not required parties under Rule 19(a),

and the Court need not proceed to evaluating whether the action may proceed under Rule 19(b).

Accordingly, Defendant's motion to dismiss pursuant to Rule 12(b)(7) is denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's claims for breach of

fiduciary duty and negligence pursuant to Rule 12(b)(6) is granted. However, Defendant's

motion to dismiss the entire action pursuant to Rule 12(b)(7) is denied.

**SO ORDERED.**
Dated: Central Islip, New York
September 14, 2018

/s/
Denis R. Hurley
Unites States District Judge