UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
STEPHEN SOCCI,

                Plaintiff,

-against-

JPMORGAN CHASE & CO.,

                Defendant.
------------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
17-CV-5469 (JMA) (AYS)

**FILED**
**CLERK**

9/30/2024 1:19 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Presently before the Court is Defendant's motion for summary judgment; Magistrate Judge Anne Y. Shields' August 13, 2024 Report and Recommendation ("R&R") on the motion, which recommends that the motion be granted; and Plaintiff's objections to the R&R. As explained below, the Court ADOPTS the R&R, GRANTS Defendant's motion for summary judgment, and DENIES Plaintiff's request to amend the complaint to add a negligence claim.

## I. BACKGROUND

The Court presumes familiarity with the R&R, the parties' briefing on the underlying motion for summary judgment, the summary judgment record, and the subsequent objections.[1]

Certain aspects of the procedural history of this case that are relevant to the pending objections are set out below.

Prior to motion practice, Defendant filed a pre-motion conference letter, asserting that Plaintiff's breach of contract claim failed in light of New York General Obligations Law 5-1504, the statutory scheme which governs powers of attorney. Plaintiff's response to the pre-motion conference did not address New York General Obligations Law § 5-1504.

---

[1] Except where otherwise noted, the Court adopts all defined terms used in the R&R.

Defendant's opening brief on summary judgment again asserted, inter alia, that, based on New York General Obligations Law § 5-1504, Defendant was entitled to summary judgment on Plaintiff's breach of contract claim. In opposing the summary judgment motion, Plaintiff—citing Banco Multiple Santa Cruz, S.A. v. Moreno, 888 F. Supp. 2d 356 (E.D.N.Y. 2012)—argued, inter alia, that: (1) certain provisions in the 2015 Deposit Agreement ("Deposit Agreement") gave Chase the discretionary authority to block or delay transactions when fraud is suspected; and (2) those provisions gave rise to an implied promise by Chase to not act arbitrarily, irrationally, or unreasonably in exercising that discretion. (Pl.'s Mem. Opp'n Summ. J. ("Pl. Opp'n Br."), ECF No. 57-7.) Plaintiff argued that Chase breached that implied promise by allowing Margaret Tarulli to continue to withdraw funds from the Account after Patrick Socci contacted Chase on December 22, 2015 and December 23, 2015. Plaintiff's opposition brief did not address New York General Obligations Law § 5-1504. In its reply brief, Chase reasserted that New York General Obligations Law § 5-1504 obligated it to accept Tarulli's power of attorney.

The R&R determined that: (1) Plaintiff did not have a viable implied contract claim given the existence of the express Deposit Agreement; and (2) even if an implied contract existed, Plaintiff's breach of contract claim failed because New York General Obligations Law § 5-1504 obligated Chase to accept Tarulli's power of attorney. The R&R also recommended that Plaintiff's request for leave to amend his complaint to add a negligence claim be denied.

In his objections, Plaintiff argues that: (1) the R&R's implied contract analysis was erroneous; and (2) the R&R erred in concluding that Chase can rely on Tarulli's allegedly fraudulent power of attorney. As with Plaintiff's opposition brief, Plaintiff's objections—and the cases cited therein—do not mention New York General Obligations § Law 5-1504. Plaintiff also objects to the R&R's recommendation that leave to amend be denied.

2

## II. DISCUSSION

### A. <u>Legal Standard for District Court Review of a Report and Recommendation</u>

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also FED. R. CIV. P. 72(b)(3); <u>Grassia v. Scully</u>, 892 F.2d 16, 19 (2d Cir. 1989). When a party makes specific objections, the court reviews <u>de novo</u> those portions of the R&R to which objection is made. <u>See id.</u>; see also FED. R. CIV. P. 72(b)(3); <u>Kruger v. Virgin Atl. Airways, Ltd.</u>, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) ("A proper objection is one that identifies the specific portions of the R&R that the objector asserts are erroneous and provides a basis for this assertion."), <u>aff'd</u>, 578 F. App'x 51 (2d Cir. 2014). But where "a party makes only conclusory or general objections, or simply reiterates the original arguments," the court reviews the R&R "strictly for clear error." See <u>Washington v. Gilman Mgmt. Corp.</u>, 2023 WL 6211022, at *3 (E.D.N.Y. Sept. 25, 2023); see also <u>Thomas v. City of N.Y.</u>, 2019 WL 3491486, at *4 (E.D.N.Y. Jul. 31, 2019) (same).

To accept those portions of an R&R "to which no timely objection has been made," however, "a district court need only satisfy itself that there is no clear error on the face of the record." <u>Lorick v. Kilpatrick Townsend & Stockton LLP</u>, No. 18-CV-7178, 2022 WL 1104849, at *2 (E.D.N.Y. Apr. 13, 2022) (quoting <u>Ruiz v. Citibank, N.A.</u>, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014)); see also <u>Jarvis v. N. Am. Globex Fund, L.P.</u>, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011). Clear error will be found only when, upon review of the entire record, the Court is "left with the definite and firm conviction that a mistake has been committed." <u>United States v. Snow</u>, 462 F.3d 55, 72 (2d Cir. 2006) (quoting <u>United States v. Garcia</u>, 413 F.3d 201, 222 (2d Cir. 2005)). Moreover, "the district court 'will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were

3

not.'"  Fossil Grp., Inc. v. Angel Seller LLC, 627 F. Supp. 3d 180, 186–87 (E.D.N.Y. 2022) (quoting United States v. Gladden, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019)).  Such arguments "may not be deemed objections at all."  Piligian v. Icahn Sch. of Med. at Mount Sinai, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) (internal quotation marks omitted).

## B. Analysis

### 1. It is Unnecessary to Address Plaintiff's First Objection

It is unnecessary to address Plaintiff's first objection.  Even assuming arguendo that, as Plaintiff contends, the Deposit Agreement generally gives rise to an implied promise that Chase would not act arbitrarily, irrationally, or unreasonably in exercising its discretionary authority to freeze the Account, Plaintiff's breach of contract claim still fails for the reasons set below.[2]

### 2. Plaintiff's Second Objection is Subject to Only Clear Error Review

The R&R determined that even if "Plaintiff could allege an implied contract claim, the claim would still fail" because "the statutory scheme respecting powers of attorney" set out in New York General Obligations Law § 5-1504 "obligated [Chase] to accept the Tarulli power of attorney."  (R&R at 12.)

Plaintiff—whose objection does not even mention New York General Obligations Law § 5-1504—has not filed a proper objection to that determination.  Accordingly, that determination by the R&R is subject to only clear error review.[3]

---

[2] It is also unnecessary to address Chase's argument that the alleged implied promises Plaintiff relies on are trumped by the provision in the Deposit Agreement which explicitly states that Chase "may rely on a power of attorney until [Chase] receive[s] written notice that it has been revoked either from you."  (Deposit Agreement at 13.)  The only written notice Patrick Socci provided to Chase was his December 31, 2015 Fraud Affidavit.

[3] It bears repeating that Plaintiff never raised any arguments about New York General Obligations Law § 5-1504 in his opposition brief on the underlying motion.  This is a further reason why the R&R's determination is only subject to review for clear error.

As explained below, the R&R's determination that, based on the record, New York General Obligations Law § 5-1504 "obligated Chase to accept the Tarulli power of attorney" does not constitute clear error. Moreover, as explained below, whether subject to de novo or clear error review, Plaintiff's objection fails.

### 3. Plaintiff's Breach of Contract Claims Fails Under New York General Obligations Law § 5-1504

While the Court assumes that the terms of the Deposit Agreement generally give rise to an implied promise that Chase would not act arbitrarily, irrationally, or unreasonably in exercising its discretionary authority to freeze the Account, any such implied promise would not supplant the explicit statutory scheme that governs the acceptance of powers of attorney.[4]

Three provisions of New York General Obligations Law § 5-1504 are relevant here.

New York General Obligations Law § 5-1504(1)(b) states that: "[a] person that in good faith accepts an acknowledged and witnessed power of attorney without actual knowledge that the signature is not genuine may rely upon the presumption that the signature is genuine."

New York General Obligations Law § 5-1504(1)(c) states: "A person that in good faith accepts an acknowledged and witnessed power of attorney without actual knowledge that the power of attorney is void, invalid, or terminated . . . may rely upon the power of attorney as if the power of attorney were genuine, valid and still in effect . . . ."

New York General Obligations Law § 5-1504(2) states that no person "located or doing business in this state shall refuse, without reasonable cause, to honor a [properly executed] statutory short form power of attorney." "Reasonable cause" includes "actual knowledge or a

---

[4] The Deposit Agreement even explicitly acknowledges that state laws—such as New York General Obligations Law § 5-1504—may require Chase to accept a power of attorney and that such laws are controlling. (See Deposit Agreement at 13 ("We may refuse to honor any power of attorney presented to us . . . unless state law requires otherwise." (emphasis added)).)

5

reasonable basis for believing that the power of attorney was procured through fraud, duress or undue influence." N.Y. General Obligations Law § 5-1504(2)(a)(5).

The R&R determined that Chase was entitled to summary judgment because there was no evidence suggesting that "Chase acted in bad faith or had actual knowledge that Tarulli's power of attorney was invalid." (R&R at 14.) That determination was not clear error. Moreover, even assuming <u>arguendo</u> that Plaintiff's objection could be construed as raising a proper objection to that determination, none of the points raised in Plaintiff's objection are persuasive.

Plaintiff's objection asserts that the R&R ignored the concerns Patrick Socci raised to Chase on "December 22, December 23, and December 29."[5] (Pl.'s Obj. at 9.) Based on the factual record that was properly presented to Judge Shields in the underlying motion papers, there was not sufficient evidence from which a reasonable jury could find that Chase acted in bad faith or had actual knowledge that Tarulli's power of attorney was fraudulent. Relatedly, a reasonable juror could not conclude that Chase had "a reasonable basis for believing that" Tarulli's "power of attorney was procured through fraud, duress or undue influence." N.Y. General Obligations Law § 5-1504(2)(a)(5).

It is undisputed that, on December 31, 2015, Socci signed a fraud affidavit for Chase (the "December 31 Affidavit") disputing withdrawals made by Tarulli between December 18 and December 28, 2015. (Def. 56.1 ¶ 13; Pl. 56.1 ¶ 13.) The record contains a copy of the December 31 Affidavit. (December 31, Affidavit, Bartone Decl., Ex. J.)

Defendant's 56.1 Statement asserted that, except for the December 31 Affidavit, "[n]o other complaints or disputes were made by plaintiff or his agents regarding the Account until the filing

---

[5] The Court addresses Patrick Socci's alleged communications with Chase on December 22 and December 23 below. The record does not reference any communications on "December 29."

6

of instant lawsuit.  (Def. 56.1 ¶ 15)  Plaintiff's 56.1 Statement "disputed" this fact, citing solely to December 31 Affidavit itself.  (Pl. 56.1 ¶ 15.)  According to Plaintiff's 56.1 Statement, the December 31 Affidavit "states that Patrick Socci . . . contacted Chase on December 22, 2015, and then again o[n] December 23 to complain about the withdrawals made by Margaret Tarulli."  (Id.)

Upon close inspection, the December 31 Affidavit, however, is simply insufficient for a jury to conclude that Chase acted in bad faith, had actual knowledge of fraud, or had a reasonable basis for believing that the power of attorney was procured through fraud.  In the December 31 Affidavit, Patrick Socci states:

> The transactions [between December 18 and December 28, 2015] are fraudulent. The funds never should have been removed from the account and no one knows how she became POA on the account.  These transactions are unauthorized by anyone empowered by Stephen Socci.
>
> On 12/22 I called the call center after receiving the alerts and Filipe could not do anything.  I went to the branch the next day and the branch manager said she could do nothing.  Money continues to drain from the account.

(December 31 Affidavit at 4.).  The December 31 Affidavit provides no further details about Patrick Socci's alleged conversations with Chase employees on December 22 and December 23.  The December 31 Affidavit—which, critically, does not indicate what Patrick Socci said to Chase employees—is insufficient for a reasonable jury to conclude that Chase acted in bad faith, had actual knowledge of fraud, or had a reasonable basis for believing that the power of attorney was procured through fraud.  The December 31 Affidavit even concedes that, during their communications, Chase told Patrick Socci about the Tarulli power of attorney, which was facially

7

valid. (Id.) The December 31 Affidavit, however, does not indicate what Patrick Socci said to Chase after learning about the Tarulli power of attorney.[6] (Id.)

Additionally, Patrick Socci's communications all occurred in the context of an account for which numerous individuals had been granted power of attorney and had been added and removed from the account.

The Court notes that Plaintiff's objections and opposition brief also reference a November 13, 2023 affidavit from Patrick Socci. Patrick Socci's November 2023 affidavit, however, is not cited in Plaintiff's 56.1 Statement. While courts have the discretion to consider "evidence not included in the Rule 56.1 Statements," courts are not required to consider such evidence. McCall v. Genpak, LLC, No. 13-CV-1947, 2015 WL 5730352, at *13 (S.D.N.Y. Sept. 30, 2015) (citing Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2003)); see also Genova v. Cnty. of Nassau, 851 F. App'x 241, 243 (2d Cir. 2021); Adams v. Equinox Holdings, Inc., 662 F. Supp. 3d 444, 451 n.1 (S.D.N.Y. 2023) ("[T]he Court does not consider evidence presented only in the parties' briefing."), aff'd, No. 23-608, 2024 WL 1787108, at *1 (2d Cir. Apr. 25, 2024).

Given Plaintiff's failure to cite Patrick Socci's November 2023 affidavit in his 56.1 Statement, this Court, in its discretion, declines to consider the affidavit.[7]

---

[6] In addition to citing evidence concerning Patrick Socci's communications with Chase, Plaintiff's objections also assert that it would be improper to grant summary judgment to Chase because the only employee witness cited in Chase's motion papers, Jennifer Bartone, did not have personal knowledge of the events in December 2015 (including Patrick Socci's alleged communications with Chase). Specifically, Plaintiff insists that Chase is not entitled to summary judgment because Chase failed to produce any "evidence that [Chase employees] were not aware of 'fraudulent activity' concerning the Account." (Pl. Obj. at 10–11 (emphasis added).) This argument fails because, inter alia, Plaintiff has the burden of proof at trial. As such, Federal Rule of Civil Procedure 56 "permits" Chase, as the moving party, "to point to an absence of evidence to support an essential element of" Plaintiff's claim. Bay v. Times Mirror Magazines, Inc., 936 F.2d 112, 116 (2d Cir. 1991); see McKinney v. City of Middletown, 49 F.4th 730, 738 (2d Cir. 2022).

[7] Given the circumstances, it was also not clear error for the R&R to not rely on the Patrick Socci's November 2023 affidavit.

For the reasons set forth above, Patrick Socci's alleged communications with Chase on December 22 and December 23, 2015 are insufficient, under N.Y. General Obligations Law § 5-1504, for Chase to be held liable for any of the withdrawals from the Account in December 2015. The R&R also explained that "[f]ollowing the [December 31, 2015] fraud notification, no further transactions occurred." (R&R at 13.) Plaintiff did not object to this aspect of the R&R and the Court finds no clear error in that determination and the R&R's recommendation to grant summary judgment on Plaintiff's breach of contract claim concerning the final $200,000 withdrawal. The Court notes that Plaintiff's breach of contract claim concerning the final $200,000 withdrawal also fails on an additional ground—namely, Plaintiff never disputed this $200,000 withdrawal prior to the filing of the instant suit despite the Deposit Agreement's explicit requirement that Plaintiff challenge any disputed transactions within 30 days. (Deposit Agreement at 11.) According to the Deposit Agreement, if Plaintiff claimed that he did not "authorize" an "item" listed on his monthly statement, he was required to notify Chase within 30 days of the monthly statement being issued. (Id.) The Deposit Agreement makes clear that "[i]f you do not comply with the requirements above, [Chase is] not required to reimburse you for any claimed loss." (Id.) Thus, Plaintiff's breach of contract claim concerning the final $200,000 withdrawal fails.

### 4. Leave to Amend

Plaintiff also objects to the R&R's denial of Plaintiff's request for leave to amend his complaint to add a negligence claim. The Court overrules this objection and denies Plaintiff to leave to amend. As the R&R explained, given Judge Hurley's dismissal of Plaintiff's negligence claim in 2018, his request for leave to amend is both "futile and contrary to the law of the case," (R&R at 15). See Socci v. JPMorgan Chase & Co., 2018 WL 4388454, at *3 (E.D.N.Y., 2018).

## III.  Conclusion

As explained above, the Court adopts the R&R's recommendation that:  (1) Defendant's motion for summary judgment be GRANTED; and (2) Plaintiff's request for leave to amend the complaint be DENIED.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated:   September 30, 2024
            Central Islip, New York

                                                                    (/s/ JMA)
                                              JOAN M. AZRACK
                                              UNITED STATES DISTRICT JUDGE